UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Jayce Yeh | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action Number: *1:21cv658* |
| | § | |
| Allegiance Mobile Health | § | |
| Defendant. | § | A Jury is Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Jayce Yeh is a dedicated and successful Emergency Medical Technician who happens to deal with some complex medical conditions. This complaint results from his employer's stubborn refusal to grant him equal benefits and privileges of employment as are enjoyed by his co-workers without disabilities by providing him the job accommodation he needs.

## PARTIES

1.      The plaintiff, Jayce Yeh, is an adult individual residing in Carrollton, Texas.

**2.**      The defendant, Bluebird Medical Enterprises, LLC, is a for-profit, domestic limited liability company doing business as Allegiance Mobile Health ("Allegiance"). Allegiance provides medical transportation and 911 emergency services and employs more than 800 persons throughout the state of Texas. Allegiance maintains its corporate headquarters at 3201 South Austin Ave., Suite 335, Georgetown, TX 78626. It does business within the Western District of Texas and may be served upon its registered agent for process, Giordani, Swanger, Ripp & Jetel, LLP, at 100 Congress Avenue, Suite 1440, Austin, Texas, 78701.

## JURISDICTION AND VENUE

3.      This is an action under the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101 et seq.  Plaintiff, Jayce Yeh, seeks declaratory, injunctive and compensatory

1

relief for discrimination on the basis of disability and failure to accommodate as defined by the ADAAA.

4.      Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events and decisions giving rise to the claim occurred in this district.

5.      This Court has jurisdiction over this Complaint pursuant to 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADAAA at 42 U.S.C. § 12117(a).

6.      The defendant is a covered employer within the meaning of the ADAAA because, among other things, it employed the requisite number of employees during the relevant time period.

7.      The Plaintiff was discriminated against because of his disabilities, including connective tissue disorder and mast cell activation syndrome. Allegiance also has breached its duty of accommodation.  At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability.

## STATEMENT OF FACTS

8.      Allegiance has employed Mr. Yeh as a full-time Emergency Medical Tech (EMT) since September 12, 2016. In July 2018, Allegiance transferred Mr. Yeh – at his request – to a part-time, as needed, EMT position so that he could return to college as a full-time student. Mr. Yeh remains in this part-time position to this day.

9.      Mr. Yeh works shifts of varying length for Allegiance. During his full time status he worked 24 hour shifts. Currently in his part time status his shifts average 15 hours which sometimes may extend longer. His shifts have exceeded the times in which individuals would eat one or two meals.

10.     Mr. Yeh continues to work and perform the essential functions of his position without incident or issues.

11.     Mr. Yeh first became interested in emergency medical services following the explosion of a house in his neighborhood.  After this event, he completed internship hours through his high school's medical academy through two weeks of ride-alongs with the fire department where he observed and accompanied 9-1-1 responses.

12.     During high school, Mr. Yeh took his Emergency Medical Responder and Fire Technology class at Mission Valley ROP Career Technical Training Center. He completed a first responder community service project for his high school which involved observation and volunteering with service dog handling through the Assistance Service Dog Education Center. There he learned about handling, basic training, and commands for a service dog in training that would later be placed with a veteran or first responder.

13.     In 2016 and 2017, Mr. Yeh became a volunteer and assisted with service dog training as well as training evaluations with the head trainer of Scouts Legacy Service Dogs. His volunteer role included leading group training for service dogs to become acclimated to emergency medical services equipment, first responders, first responder vehicles, and their stations.

14.     Mr. Yeh is an EMT actively certified with both the National Registry of Emergency Medical Technicians and Texas Department of State Health Services. Currently he teaches classes for first responders on awareness, emergency handling, and placement of service dogs during disasters or emergency call responses through Alameda County EMS. He teaches similar classes as a guest lecturer through the Texas Emergency Medical Services Conference.

15.     Mr. Yeh is an individual with disabilities. His physical impairments include Dysautonomia / Postural Orthostatic Tachycardia Syndrome (POTS), Ehlers Danlos Syndrome (EDS), and Mast Cell Activation Syndrome ("MCAS"). These disabilities have created the need for assistance from his service dog as some symptoms are not completely prevented or adequately mitigated by physical therapies, braces, and medications alone. His symptoms include fragile skin, bruising, joint hypermobility, chronic pain, dizziness, including weakness, stiffness, and spasms in the muscles. He also experiences repeated episodes of the symptoms of anaphylaxis – allergic symptoms such as hives, swelling, flushing, low blood pressure, difficulty breathing, wheezing, throat swelling and gastrointestinal tract symptoms such as nausea with vomiting, abdominal pain, and severe diarrhea. Other symptoms he is affected by include temperature sensitivity, shaking, sweating, weakness, poor sleep, fatigue, headaches, chest pain, low blood sugar, and shortness of breath.

16.     On multiple occasions, Allegiance received accommodation requests from Mr. Yeh that would help him mitigate his symptoms with joint hypermobility, pain, dizziness, hives, flushing, difficulty breathing, fatigue, headaches, and shortness of breath to name a few examples. These are a brief summary of many of the symptoms he suffers as a result of his connective tissue disorder and MCAS, so that he may have equal benefits and privileges of employment as are enjoyed by his co-workers without disabilities.

17.     Mr. Yeh's job as an EMT is aboard ambulances that operate around the DFW area and may include long distance transfers outside of the DFW area.

18.     Allegiance received accommodation requests from Mr. Yeh that would mitigate the effects of the conditions he endures and allow him to safely shower, use the restroom, eat, breathe, sleep, navigate steps, navigate changes in his environment, recognize worsening symptoms in advance and provide time for him to respond and take medications.

19.     Mr. Yeh's service dog is trained to provide him with advanced recognition of his symptoms. The advanced recognition provided by Mr. Yeh's service dog prevents syncopal symptoms of dysautonomia and reduces frequency or severity of mast cell activation symptoms. This allows him more time to address escalating symptoms by taking additional medications. His service dog also prevents joint and muscle related injuries through mobility based tasks and assistance provided by his service dog which are not accomplished by other forms of medical equipment and medications.

20.     Allegiance received a formal accommodation request from Mr. Yeh in March 2018 and September 2019.

21.     At all times, Allegiance denied all of Mr. Yeh's suggestions that would have assisted him, and it made no suggestions at all that would be effective in accommodating his needs or allowing him equal benefits and privileges of employment as are enjoyed by his co-workers without disabilities.

22.     Allegiance offered to provide an N99 mask as an accommodation but N95 masks were already available to Allegiance EMTs. Also, Mr. Yeh's service dog is able to do more by detecting scent related changes when his body reacts with mast cell activation.

23.     Allegiance offered to grant Mr. Yeh a lifting restriction and provide lifting assistance, but those are things that were already available to Allegiance EMTs.

24.     Allegiance offered to "allow" Mr. Yeh to rest in the air-conditioned ambulance during extreme heat, but all Allegiance EMTs are already allowed to do that.

25.     Under previous management, Mr. Yeh was allowed to bring his service dog in the ambulance and did so for multiple continuing education classes, testing, and shifts without incident.

26.     Due to Allegiance's refusal to accommodate Mr. Yeh, he has continued to experience symptoms (hives, flushing, dizziness, headaches and migraines) that are exacerbated by later recognition without availability of his service animal's early warning. He experiences longer and higher severity of sensory overloads, pain, and mast cell activation. He has experienced harm from repetitive prolonged periods of severe symptoms that would be reducible with his service dog's assistance.

27.     Allegiance's denial of Mr. Yeh's accommodation requests have also caused harm by exacerbating his symptoms in the time during and immediately following his shift with long and difficult recovery periods which at times has required Mr. Yeh to seek additional medical care in his off duty time.

28.     If Allegiance allowed Mr. Yeh to use his service animal, he could avoid pain, symptom escalation, and health risks, just like employees without disabilities are allowed to take measures to avoid pain and health risks.

29.     Allegiance has not had any in person meetings with Mr. Yeh regarding his requests for accommodation, and it never asked for any information on Mr. Yeh's service dog - or service dogs in general - that would have allowed it to have a good faith interactive discussion of ways to mitigate the effects of his conditions in connection with his work.

30.     Allegiance has not allowed Mr. Yeh to demonstrate his service animal's skills.

31.     Allegiance has not asked Mr. Yeh any questions about his service animal's skills or training.

32.     Mr. Yeh's service animal has been trained to help with his medical needs.

33.     Allegiance has asserted that it will not allow a service animal for Mr. Yeh under any circumstances.

34.     Allegiance has not conducted an individual assessment of Mr. Yeh's accommodation request, nor has it engaged in an interactive good faith dialogue with him.

## ALLEGATIONS OF DEFENDANT'S VIOLATION OF THE ADAAA

35.     Mr. Yeh incorporates by reference all of the above allegations in the complaint.

36.     Mr. Yeh has actual disabling conditions, including Autism, Ehlers Danlos Syndrome (EDS), and Mast Cell Activation Syndrome (MCAS).

37.     Mr. Yeh was discriminated against and denied a reasonable accommodation, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), (b)(1), (b)(3), (b)(5), and (b)(6).

38.     As a result of this conduct, Allegiance has caused Mr. Yeh the loss of wages and other job benefits and emotional and other harm.

39.     Further, because Defendant's actions were of the sort that render the imposition of punitive damages appropriate, the plaintiff is entitled to an award of these damages, which he seeks.

40.     Mr. Yeh timely filed a charge of disability discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue letter, Mr. Yeh received it, and timely files this complaint.

41.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Yeh demands: (1) judgment against defendant in an amount to make him whole for all damages suffered by him as a result of defendant's violation of the ADAAA, including but not limited to damages for back pay and benefits, front pay, compensatory damages, liquidated damages, exemplary damages and all other damages recoverable under the ADAAA plus prejudgment and other interest; (2)  that this Court enjoin defendant from further violating the ADAAA; (3) that this Court grant injunctive relief that will allow Mr. Yeh to use his service dog on duty; (4)  that this Court order defendant to provide Mr. Yeh all other remedies to make him whole under the ADAAA; (5) that this Court award Mr. Yeh expert witness fees, attorneys' fees and the cost of bringing this action; and, (6) that this Court grant him all other relief that he is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

> Respectfully submitted,
>
> /s/ Paul R. Harris
> Paul R. Harris
> S.D. Tx. No. 897365
> State Bar No. 24059905
> Shellist, Lazarz, Slobin, LLP
> 11 Greenway Plaza, Suite 1515
> Houston, Texas 77046
> (713) 621-2277 | f: (713) 621-0993
> pharris@eeoc.net
>
> The Law Office of Robert S. Notzon
> Texas Bar No. 00797934
> 1502 West Avenue
> Austin, Texas 78701
> (512) 474-7563
> (512) 852-4788 facsimile
> robert@notzonlaw.com
>
> **Counsel for the Plaintiff**